UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONE PRESLEY,<br><br>    Petitioner<br><br>v.<br><br>WARDEN R.C. JOHNSON,<br><br>    Respondent. | Case No. 2:20-cv-01917-PA (GJS)<br><br>**ORDER TO SHOW CAUSE RE POSSIBLE DISMISSAL FOR: UNTIMELINESS; LACK OF EXHAUSTION; AND NONCOGNIZABILITY** |

On February 27, 2020, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this District [Dkt. 1, "Petition"]. The Petition does not comply with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts: it is not on the standard form required to be used in this District; and, instead, is on a State of California habeas form, which does not include all required information. In addition, the Petition violates Rule 11(a) of the Federal Rules of Civil Procedure, because Petitioner has not signed the pleading.

These defects are procedural and, thus, could be rectified with amendment. However, despite the Court's liberal construction of the Petition, it suffers from three fundamental defects that do not appear to be rectifiable with amendment and that appear to require its dismissal, for the following reasons.[1]

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly

**BACKGROUND**

The Court has carefully reviewed the Petition and the relevant state court dockets[2] and, as a result, has gleaned the following relevant information.

This case stems from a 2017 California conviction and sentence, which in turn stemmed from a nolo contendere plea by Petitioner, not a jury trial. According to Petitioner, pursuant to his plea, he was convicted of attempted murder in Los Angeles County Superior Court Case No. TA138346 and was sentenced to 28 years in state prison on April 12, 2017 (the "State Sentence"). [Petition at 2.] Petitioner did not appeal the State Sentence. Instead, on an unspecified date, he filed a habeas petition in the trial court alleging that the State Sentence was unauthorized, and on another unspecified date, he filed a similar habeas petition in the California Court of Appeal, which was denied on February 28, 2019. [Petition at 6.]

The docket for Case No. TA138346 shows that Petitioner actually was convicted on January 10, 2017, pursuant to a nolo contendere plea, and was sentenced on March 24, 2017, as does the copy of the Abstract of Judgment appended to the Petition (which itself is dated April 12, 2017). Petitioner filed a habeas petition in the trial court on November 28, 2018, but the trial court docket does not reveal its disposition. The dockets for the California Court of Appeal show that Petitioner filed a habeas petition on February 25, 2019, in Case No. B295853. That petition was denied on February 28, 2019, with an order noting that Petitioner had failed to state a prima facie case for habeas relief.

Petitioner does not allege that he sought habeas or any other relief in the California Supreme Court. The dockets for the California Supreme Court show that

---

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

[2]    Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed the dockets available electronically for the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court, in addition to reviewing the documents included in the Petition.

2

Petitioner has not filed any action in the state high court.

## PETITIONER'S CLAIM

Although the Petition alleges two grounds, Petitioner really raises only a single challenge to the State Sentence. Petitioner alleges that he was sentenced to the upper term of nine years for his attempted murder conviction, which then was doubled[3] and coupled with a ten-year term for the firearm enhancement to total 28 years. He argues that sentencing him to the upper term (and doubling it) and sentencing him for the firearm enhancement was unauthorized and improper, because no jury ever found true any aggravating factors or that he personally used a firearm. Petitioner reasons that, therefore, under the *Apprendi* line of Supreme Court decisions, his sentence is unconstitutional under the Sixth Amendment. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Cunningham v. California*, 549 U.S. 270 (2007).

## THE PETITION IS UNTIMELY ON ITS FACE

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1)(A)-(D).[4] Given the nature of the claim alleged by Petitioner, which is

---

[3] Based on the copy of the Abstract of Judgment attached to the Petition, it appears that Petitioner's nine-year term was doubled because Petitioner had a prior "strike" conviction.

[4] Through its subparts (A) through (D), Section 2244(d)(1) contemplates four possible triggering dates for the commencement of a state prisoner's one-year limitations period. In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005), the Supreme Court described these as follows:

> § 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." (Emphasis added.) The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

3

based on longstanding Supreme Court decisions that substantially predate his State Sentence, subpart (d)(1)(A) governs the Petition.[5] Because Petitioner did not appeal following his sentencing, his criminal judgment was final on the date his time for seeking review of his conviction expired, which was 60 days later, *i.e.*, on May 23, 2017. *See Roberts v. Marshall*, 627 F.3d 768, 771 (9th Cir. 2010); Rule 8.308(a) of the California Rules of Court. Thus, Petitioner's limitations period commenced running on May 24, 2017, and expired on May 23, 2018, absent tolling.

28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. While, as recounted above, Petitioner filed two state court habeas petitions, he did not file his first (trial court) habeas petition until November 28, 2018, which was over six months *after* his limitations period already had expired. As a result, neither that trial court habeas petition nor the subsequent February 2019 California Court of Appeal petition can serve as a basis for statutory tolling, because they both were filed too late. *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely).

Therefore, Petitioner's limitations period for the Petition expired untolled on May 23, 2018, over 20 months before the instant Petition was mailed to the Court. The Petition thus is substantially untimely absent equitable tolling.

The limitations period for Section 2254 petitions is subject to equitable tolling

---

[5]     Subparts (d)(1)(B), (d)(1)(C), and (d)(1)(D) plainly are inapplicable.

4

in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace*, 544 U.S. at 418 & n.8. Both elements must be met. *Id.* at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to receive equitable tolling, the petitioner must prove the above two requirements).

Nothing in the Petition or the available record supports finding that equitable tolling applies here to render the Petition timely. Petitioner's habeas attack on his sentence rests on Supreme Court law that has been in place since 2000, when the *Apprendi* decision issued, or at a minimum, since 2007, when *Cunningham* issued. These decisions predate Petitioner's sentence by ten years or more. There is no apparent reason why he could not have more promptly pursued relief based on the longstanding *Apprendi* rule.[6]

The Court appreciates that Petitioner is not a trained lawyer. Nonetheless, ignorance of the law and pro se status are not extraordinary circumstances or a basis

---

[6] Citing a state decision, Petitioner asserts that although there is a state law rule that unexplained delay will bar habeas relief, he is exempt from that rule, because he is challenging an unauthorized sentence. [Petition at 6.] Whether or not that is correct under state law, the instant Petition is governed by *federal* law and the federal statute of limitations, which applies to his *Apprendi* attack on the State Sentence. Petitioner's unexplained delay plainly renders the Petition untimely.

5

for equitable tolling. As the federal courts have repeatedly recognized, "[i]t is clear that pro se status, on its own, is not enough to warrant equitable tolling." *Roy v. Lampert*, 476 F.3d 964, 970 (9th Cir. 2006). Ignorance of the law and lack of legal sophistication do not constitute "extraordinary circumstances" warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases from other circuits and holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Johnson v. United States*, 125 S. Ct. 1571, 1582 (2005) (in the parallel 28 U.S.C. § 2255 context, rejecting a movant/prisoner's attempt to justify his lack of diligence based on his pro se status and lack of legal sophistication, and stating: "we have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Ford v. Pliler*, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey*, 556 F.3d at 1013 n.4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling").

There is nothing in the present record that could establish the requisite extraordinary circumstance that prevented Petitioner from seeking federal habeas relief on a timely basis with respect to his sentencing claim. There simply is no basis for finding either prong of the equitable tolling doctrine to be met. Accordingly, absent further evidence, the Petition remains untimely by over a year and eight months.

## THE PETITION IS UNEXHAUSTED

Even if the Petition could be found timely notwithstanding the above, Petitioner faces another procedural hurdle to having the Petition considered in federal court. Petitioner alleges that he stopped pursuing his claim challenging the State Sentence at the intermediate state appellate level, namely, that he stopped

6

pursuing relief after the California Court of Appeal denied his habeas petition. The Court's review of the state court dockets confirms this allegation.

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review).

Petitioner has failed to present his claim to the California Supreme Court. As a result, the Petition is fully unexhausted. When a habeas petition is fully unexhausted, as is the case here, the petitioner has two options. He can voluntarily dismiss his petition without prejudice, so that he may pursue exhaustion in the state courts and then return to federal court once his claims are exhausted.[7] Alternatively, he may ask the Court to stay his case while he pursues exhaustion in the state courts, pursuant to the *Rhines* stay procedure. *See Rhines v. Weber*, 544 U.S. 269 (2005) (authorizing stays of "mixed" petitions); and *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016) (finding the *Rhines* stay procedure applicable to fully unexhausted petitions). To obtain a *Rhines* stay, a petitioner must show: (1) "good cause" for the failure to exhaust the claims at issue; (2) that the unexhausted claims are "potentially meritorious"; and (3) and that the petitioner has not engaged in "intentionally

---

[7] Any new federal petition will be subject to the statute of limitations discussed above.

dilatory litigation tactics." *Rhines,* 544 U.S. at 277-78. The Supreme Court has cautioned that a *Rhines* stay should be afforded "only in limited circumstances." *Id.* at 277.

As set forth below, the Court has directed Petitioner to file a Response to this Order to Show Cause. In his Response, Petitioner shall: state whether he believes the Petition is exhausted and, if so, explain why; or state whether he concedes that the Petition is unexhausted and, if so, indicate clearly which of the above two options he wishes to exercise. Petitioner is cautioned that, at present, the Court is disinclined to grant a *Rhines* stay given the apparent untimeliness of the Petition, which would render element (2) above unsatisfied. In addition, there is no apparent basis in the record for finding that there was good cause for Petitioner's failure to exhaust his claim, thus rendering element (1) unsatisfied as well. Nonetheless, if Petitioner wishes to seek a stay of this action and believes that he can satisfy the *Rhines* standard, he may attempt to do so in his Response and the Court will consider his arguments carefully.[8]

## **PETITIONER'S CLAIM IS NOT COGNIZABLE**

Even if the Petition were timely and exhausted, dismissal would be warranted nonetheless. Petitioner's challenge to his sentence rests on the premise that, under the Sixth Amendment, the trial court was not entitled to sentence him to an upper term on the attempted murder conviction and to the firearm enhancement, because these types of sentencing matters require that a jury first render factual findings to support them. Petitioner's claim, however, is fatally flawed, because it ignores the fact that he was convicted pursuant to a plea bargain, not following a trial.

The Supreme Court's decisions in *Apprendi*, *Blakely*, and *Cunningham* have

---

[8] Of course, if there is an ultimate finding that the Petition is untimely, no *Rhines* stay will issue, because an untimely petition cannot be stayed.

8

made clear that, for Sixth Amendment purposes, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *See, e.g., Cunningham*, 549 U.S. at 275. In 2007, in *Cunningham*, the Supreme Court considered the constitutionality of California's then-existing determinate sentencing law (DSL) and the former version of California Penal Code § 1170(b). The Supreme Court held that this provision violated the rule established in *Apprendi* and refined in subsequent decisions, because the statute created a presumption that made the middle term the statutory maximum but impermissibly allowed trial courts to impose an upper term based on aggravating factors found by the trial court rather than the jury. *Id.* at 288-93. The California legislature responded to Cunningham by amending the sentencing law effective March 30, 2007. (Stats. 2007, ch. 3, § 2.) The amended version of Section 1170(b) eliminated the statutory presumption of the middle term as the statutory maximum and gave the trial court the discretion to select from the lower, middle, and upper terms without a need to find and weigh aggravating or mitigating factors. *See Butler v. Curry*, 528 F.3d 624, 652 n.20 (9th Cir. 2008).

If the Petition ultimately was exhausted and could be found timely, it may or may not be governed by the deferential 28 U.S.C. § 2254(d)(1) standard of review, depending on the nature of the California Supreme Court decision on Petitioner's claim. To the extent that it would be so governed, there is no clearly established Supreme Court decision that applies the *Apprendi/Blakely/Cunningham* line of decisions to sentences flowing from plea agreements, *i.e.,* "bargained-for sentences," by which the defendant has entered into a plea bargain and agreed to the sentence later challenged through habeas proceedings. Indeed, in *Blakely*, the Supreme Court made clear that "[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." *Blakely*, 542 U.S. at 310.

9

Court within this District have found, again and again, that there is no clearly established federal law for purposes of claims such as those brought by Petitioner. *See, e.g., Lloyd v. Gonzalez*, No. CV 11-3321-PJW, 2012 WL 84026, at *3 (C.D. Cal. Jan. 10, 2012) ("there is no clearly established law upon which Petitioner can rely for relief," finding *Apprendi et al.* inapplicable to bargained-for sentences); *Oliver v. Evans*, No. CV 09-05727-ODW (RZ), 2010 WL 3928752, at *2 (C.D. Cal. Aug. 16, 2010) (state court denial of claim made here was not an unreasonable application of clearly established Supreme Court authority, because "the Supreme Court has not held that *Cunningham* applies to bargained-for sentences"; and collecting cases), adopted by 2010 WL 3928744 (Oct. 6, 2010).

"[I]n the absence of a Supreme Court decision that 'squarely addresses the issue' in the case before the state court . . ., or establishes an applicable general principle that 'clearly extends' to the case," it cannot be said that clearly established federal law exists for purposes of either prong of Section 2254(d)(1), and a federal court must defer to the state court decision. *Moses v. Payne*, 555 F.3d 742, 760 (9th Cir. 2009) (citing, *inter alia, Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (*per curiam*), and *Carey v. Musladin*, 549 U.S. 70, 77 (2006)); *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (under Supreme Court precedent, it is not an unreasonable application of clearly established federal law "for a state court to decline to apply a specific legal rule that has not been squarely established by" the Supreme Court); *Holley v. Yarborough*, 568 F.3d 1091, 1097-98 (9th Cir. 2009) ("[w]hen there is no clearly established federal law on an issue, a state court cannot be said to have unreasonably applied the law as to that issue"). When, as here, there is no clearly established Supreme Court precedent that a state court's decision can be said to have contravened or unreasonably applied, Section 2254(d)(1) is not satisfied and federal habeas relief is foreclosed.

But even if the Petition ultimately would not be governed by the Section 2254(d)(1) standard, under the limited record available, it is highly unlikely that

10

anything that happened in connection with Petitioner's sentencing violated the *Apprendi* rule. By pleading nolo contendere, Petitioner waived his right to a jury trial on both the attempted murder charge and the related firearm enhancement. Given the way that most plea bargains work, it is likely that he accepted a negotiated sentence that included, among other things, an upper term for the attempted murder conviction and a ten year term for the related firearm enhancement, in lieu of a much higher possible total sentence were he to be convicted following a trial.[9] The upper term sentence and the sentence imposed for the firearm enhancement, thus, both resulted directly from Petitioner's plea agreement and, the Court assumes, his related admissions at his January 10, 2017 plea hearing and/or his March 24, 2017 sentencing hearing, *not* from any facts determined independently by the trial judge. Once Petitioner agreed to those sentences, the trial court did not have to independently justify its imposition of the upper term on the attempted murder charge or the firearm enhancement sentence and, instead, simply accepted the sentence terms for which the parties had bargained.

Based on these assumptions, the trial court not only imposed the sentence Petitioner had bargained for but did so in a manner that cannot be found to have violated *Apprendi*. Under California sentencing law, the trial judge had the discretion to impose a lower, middle, or upper term sentence without any need to find mitigating or aggravating factors, *i.e.*, without engaging in any factfinding reserved to the jury. Because California amended its sentencing law to conform to *Cunningham* and the trial judge had the discretion to sentence Petitioner to the upper term on the attempted murder conviction without any aggravating factors needing to be found by a jury or admitted to by Petitioner, his upper term sentence cannot violate the rules established by *Apprendi* and its progeny. *See, e.g., Butler v. Johnson*, No. 2:14-cv-0683-MCE-EFB, 2016 WL 8673062, at *9 (E.D. Cal. Oct. 21,

---

[9] The trial court docket shows that, on March 24, 2017, following Petitioner's plea to the Count 1 attempted murder charge, three additional pending Counts were dismissed.

2016) (collecting cases so holding), adopted by 2017 WL 1398865 (Apr. 19, 2017); *Ochoa v. Uribe*, No. EDCV 12-586-RGK (PLA), 2013 WL 866118, at \*7 (C.D. Cal. Jan. 28, 2013) (same), adopted by 2013 WL 866167 (Mar. 7, 2013); *Graves v. Salazar*, No. EDCV 10-2013-DMG (OP), 2011 WL 6942080, at \*6 (C.D. Cal. Sept. 30, 2011) (when a sentencing court imposes the upper term based on the provisions of the plea agreement and the defendant's related admissions, not on any other factors, such an upper term sentence cannot run afoul of *Apprendi*), adopted by 2011 WL 6942024 (Dec. 19, 2011); *see also United States v. Booker*, 543 U.S. 220, 233 (2005) ("when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant"). The same is true as to the firearm enhancement, assuming (as is highly likely) that Petitioner did admit to the personal use of a firearm in connection with his plea.

Petitioner's Sixth Amendment challenge to his sentence, thus, necessarily fails, unless the facts are other than they appear to be.

\* \* \* \* \*

District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). District courts also may raise exhaustion problems sua sponte. *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998); *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). In addition, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of a Section 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action

12

should not be dismissed on the grounds of untimeliness, unexhaustion, and/or noncognizability. By no later than **May 7, 2020**, Petitioner shall file a Response to this Order To Show Cause addressing these issues as follows: (1) if Petitioner concedes that the Petition is untimely, he shall state so clearly, but if Petitioner disputes that the Petition is untimely, he must explain clearly and in detail why it is not untimely and provide any available competent evidence that establishes the timeliness of this action; (2) if Petitioner concedes that the Petition is unexhausted, he shall state so clearly and advise which of his two options he elects, but if Petitioner disputes that the Petition is unexhausted, he must demonstrate how it is exhausted; and (3) if Petitioner concedes that his claim is not cognizable, he shall state so clearly, but if Petitioner contends that the claim is cognizable, he must explain why.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action may be dismissed summarily on the grounds of untimeliness, unexhaustion, and/or the noncognizability of his claim.**

**IT IS SO ORDERED.**

DATED: April 2, 2020

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE